UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K<span>EVIN</span> J<span>ON</span> H<span>ARPER</span>,

    Plaintiff,

v.

C<span>OMMISSIONER OF</span> S<span>OCIAL</span> S<span>ECURITY</span>,

    Defendant.

Case No. 15-cv-13971

U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> C<span>OURT</span> J<span>UDGE</span>
G<span>ERSHWIN</span> A. D<span>RAIN</span>

U<span>NITED</span> S<span>TATES</span> M<span>AGISTRATE</span> J<span>UDGE</span>
S<span>TEPHANIE</span> D<span>AWKINS</span> D<span>AVIS</span>

### O<span>PINION AND</span> O<span>RDER</span> S<span>USTAINING</span> D<span>EFENDANT'S</span> O<span>BJECTIONS</span> [15]; R<span>EJECTING</span> R<span>EPORT AND</span> R<span>ECOMMENDATION</span> [14]; G<span>RANTING</span> D<span>EFENDANT'S</span> M<span>OTION FOR</span> S<span>UMMARY</span> J<span>UDGMENT</span> [13]; <span>AND</span> D<span>ENYING</span> P<span>LAINTIFF'S</span> M<span>OTION FOR</span> S<span>UMMARY</span> J<span>UDGMENT</span> [10]

### I. I<span>NTRODUCTION</span>

This matter is before the Court on the Parties' Cross-Motions for Summary Judgement as to Plaintiff Kevin Jon Harper's claim for judicial review of Defendant Commissioner of Social Security's denial of his application for disability insurance benefits. The matter was referred to Magistrate Judge Stephanie Dawkins Davis, who issued a Report and Recommendation on February 23, 2017, recommending that Plaintiff's Motion for Summary Judgment be granted, that the Commissioner's Motion for Summary Judgment be denied, and that the findings of the Commission be reversed and remanded for further proceedings. The Commissioner filed

-1-

objections to the Report and Recommendation on March 9, 2017. Plaintiff did not file a response. For the reasons discussed below, the Court will sustain the objections to the Magistrate Judge's Report and Recommendation and grant Defendant's Motion for Summary Judgment.

## II. ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff applied for disability insurance benefits on February 6, 2012, alleging a disability onset date of October 4, 2011. Dkt. No. 10, p. 7 (Pg. ID 985). The Administrative Law Judge ("ALJ") determined that Plaintiff has the following severe impairments: C6-7 herniation with cord compression and radiculopathy, status post discectomy and C5-7 fusion; multilevel lumbar degenerative disc disease/degenerative joint disease without stenosis or neural foraminal narrowing; and a major depressive disorder. Dkt. No. 7-2, p. 24 (Pg. ID 55). The ALJ found that the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

Prior to the hearing, Plaintiff's most recent consultative examination was held on June 7, 2017. Dkt. No. 10, p. 14 (Pg. ID 992). Since that time, Plaintiff says that over 288 pages of new medical reports were added to the record, which indicate additional limitations and provide further evidence of his disabilities. Dkt. No. 7-10 (Pg. ID 899–90, 904–05). Accordingly, Plaintiff claims that a significant portion of medical evidence was not available when his expert medical exam occurred. For this reason, *inter alia*, Plaintiff requests that the case be remanded. Defendant objects.

### A. OBJECTION # 1

In order to become entitled to any benefit based upon disability, the Plaintiff must be disabled as defined in Title II of the Social Security Act. 20 C.F.R. §

404.1501. Federal regulations specify the Listing of Impairments which describe "the major body systems impairments [that are considered] severe enough to prevent an individual from doing any gainful activity, regardless of age, education, or work experience." 20 C.F.R. § 404.1525. If an individual's impairments do not meet any of the criteria in the Listing of Impairments, "it can medically equal the criteria of a listing." *Id*. An impairment is medically equivalent to a listed impairment "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526.

In this case, it seems undisputed that the Plaintiff's impairments did not meet any of the criteria in the Listing of Impairments. Therefore, at issue in this case is whether the Plaintiff's impairments medially equally the severity and duration of a listed impairment.

"The administrative law judge or Appeals Council is responsible for deciding the ultimate legal question whether a listing is met or equaled. As trier of the facts, an administrative law judge or the Appeals Council is not bound by a finding by a State agency medical or psychological consultant or other program physician or psychologist as to whether an individual's impairment(s) is equivalent in severity to any impairment in the Listing of Impairments. However, longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative

law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." Titles II & XVI: Consideration of Admin. Findings of Fact by State Agency Med. & Psychological Consultants & Other Program Physicians & Psychologists at the Admin. Law Judge & Appeals Council, SSR 96-6P (S.S.A. July 2, 1996).

"When an administrative law judge or the Appeals Council finds that an individual[']s impairment(s) is not equivalent in severity to any listing, the requirement to receive expert opinion evidence into the record may be satisfied by [various approved documents] signed by a State agency medical or psychological consultant. However, an administrative law judge and the Appeals Council *must* obtain an updated medical opinion from a medical expert in the following circumstances:

> [1] When no additional medical evidence is received, but in the opinion of the administrative law judge or the Appeals Council the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or
> [2] *When additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding* that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments."

*Id*.

Magistrate Judge Davis reasoned that "the over 288 pages of medical records submitted by the plaintiff reasonably raises the question as to whether plaintiff

medically equals a listing." Dkt. No. 14, p. 25 (Pg. ID 1063). Therefore, Magistrate Judge Davis recommends that this matter be reversed and remanded because the ALJ did not obtain a definitive answer on the issue of medical equivalence. *Id.* Defendant argues that Magistrate Judge Davis erred because there was no requirement for the ALJ to obtain an updated opinion. Dkt. No. 15, p. 2 (Pg. ID 1071). According to the Defendant, Social Security Ruling 96–6p does not mandate an updated opinion, rather it gives the Commissioner inherent discretion to determine whether an updated opinion is necessary. *Id.*

"Social Security Ruling 96–6p governs the need for updated medical expert opinions. It requires an update when either (1) there is evidence of symptoms, signs and findings that suggest to the ALJ or Appeals Council that the applicant's condition may be equivalent to the listings; or (2) when additional medical evidence is received that 'in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment does not equal the listings." *Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 830 (6th Cir. 2009). In this case, there is no argument that the ALJ believed the new records may have changed any medical expert's opinion. Thus, Mr. Harper must show that the new medical records suggest that he is disabled under the listing. *Id.*

The Defendant argues that the Plaintiff has failed to meet his burden and demonstrate that an updated medical opinion was mandatory rather than merely discretionary. Based on two Sixth Circuit cases, the Defendant's argument is well-taken. *Kelly v. Commissioner of Social Security*, 314 F. App'x 827 (6th Cir. 2009) and *Courter v. Commissioner of Social Security*, 479 F. App'x 713 (6th Cir. 2012), are particularly instructive in this case.

*Kelly* involved an application for childhood Supplemental Security Income benefits. *Kelly*, 314 F.App'x at 828. The guardian of the child appealed a district court's judgment upholding the denial of benefits. *Id*. On appeal, Kelly argued that the ALJ erred by failing to obtain a medical expert to render an updated opinion after the addition of new evidence. *Id*. at 829. The *Kelly* Court examined the record and determined that the new evidence was "not very different" from the original evidence and did not "present a significantly different picture" of the claimant. *Id*. at 831. Accordingly, the Sixth Circuit found that the guardian failed to meet her burden and show that the ALJ erred by not obtaining an updated medical expert opinion. *Id*. En route to this conclusion, the panel incorporated the following quote from the district court:

> There will always be a gap between the time the agency experts review the record and give their opinion with respect to the Listing and the time the hearing decision is issued. *Absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand*. In

> this case, the evidence submitted after the state agency assessment does not fatally undermine the accuracy of that assessment.

*Id.* (emphasis added). Three years later, a different Sixth Circuit panel reinforced the validity of *Kelly*. *See Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 723 (6th Cir. 2012) (holding that the ALJ did not violate SSR 96–6p by: (1) not explicitly ruling on whether an updated expert opinion was required following the admission of new evidence because the claimant did not request an updated medical opinion until after her appeal of the ALJ's decision, and (2) implicitly deciding that the new evidence would not change the opinions of the experts) ("Claimant argues that the ALJ overstepped his authority when he 'ma[de] the assumption that a psychologist would not make the diagnosis of 'mental retardation' in light of the school records. Claimant's argument is unpersuasive, because the regulations actually require the ALJ to make that decision, namely, whether the new evidence would 'change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.' ").

In this case, the Court will follow the Sixth Circuit's example in *Kelly*. The Plaintiff argues that 288 pages of new evidence "indicate additional problems, including insomnia and obstructive sleep apnea, and provide further evidence of Plaintiff's disabilities, including his low back strain, diabetes mellitus and hypertension." Dkt. No. 10, p. 15 (Pg. ID 993). Similar to the facts in *Kelly*, the new evidence presented here is not very different from the original evidence. Turning

first the new evidence of Plaintiff's sleep apnea and insomnia—those issues do not present a significantly different picture of the claimant. Indeed, the Plaintiff's difficulty sleeping is documented throughout the record, by several different doctors. *See* Dkt. No. 7-3, p. 6 (Pg. ID 128); Dkt. No. 7-6, p. 9, 55 (Pg. ID 267, 312); Dkt. No. 7-8, p. 3, 82, 92, 134, 232 (Pg. ID 408, 487, 497, 589, 637) (noting changes in sleep patterns, bouts of insomnia due to pain, and general difficulty sleeping). Therefore, the additional sleep problems noted in the new evidence do not present a significantly different picture of Mr. Harper's disability.

Next, regarding the additional evidence of low back strain, diabetes and hypertension, the Plaintiff fails to show in any meaningful way how new evidence of the same known conditions renders the prior medical opinion untenable. The Plaintiff argues that, "the majority of the medical evidence supporting the severity of Plaintiff's cervical spine injury were not available at the time the consultative examination took place on June 7, 2012." Dkt. No. 10, p. 15 (Pg. ID 993). However, that argument misses the point because it does not show how the new evidence presents a significantly different picture than the original evidence. In her opinion, the ALJ acknowledged that Plaintiff's impairments were "severe". Dkt. No. 7-2, p. 25 (Pg. ID 56). Critically, the ALJ found that "the claimant's medical records do not support a finding the Listings have either been meet [sic] or equaled." *Id*. Therefore, severity alone is not dispositive. Plaintiff's argument fails to address how the

additional evidence of the same disabilities meets or equals the severity *and duration* one of the listed impairments.

Magistrate Judge Davis correctly concluded that the new medical records, "reasonably could have supported a finding of medical equivalence and thereby disability." Dkt. No. 14, p. 24 (Pg. ID 1052). However, Sixth Circuit precedent places a more onerous burden on the Plaintiff to show the need for an updated medical expert opinion. *See Kelly*, 314 F. App'x 827, 831 ("Absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand."); *Courter*, 479 F.App'x 713 ("SSR 96–6p thus requires that the ALJ obtain an updated medical opinion *only* when the ALJ believes that the evidence could change a consultant's finding that the impairment is not equivalent to a listed impairment.") (internal quotations omitted) (emphasis in original). Therefore, the Court finds that Plaintiff did not meet his burden and the ALJ did not violate SSR 96-6p.

### B. OBJECTION # 2

Magistrate Judge Davis concluded that "the ALJ's RFC determination (at least in part) was not based on any medical opinion but was apparently formulated based on [the ALJ's] own independent medical findings." Dkt. No. 14, p. 29 (Pg. ID 1067). Specifically, Magistrate Judge Davis is troubled by the ALJ's assessment of the Plaintiff's ability to lift and carry objects, and his mental status.

Turning first to the physical RFC, Magistrate Judge Davis states that, "the Commissioner notes that the ALJ did not base her RFC finding regarding plaintiff's ability to lift and carry on any physician's opinion. Rather, the Commissioner asks the court to imply these findings from the ALJ's conclusion that the plaintiff was limited to sedentary work." Dkt. No. 14, p. 22 (Pg. ID 1064). However, as best as the Court can tell, there is no such concession by the Commissioner in the record. On the contrary, the Commissioner maintains that the ALJ's physical RFC determination was supported by at least one physician's opinion. *See* Defendant's Mot. for Summary Judgment, Dkt. No. 46, p. 15 (Pg. ID 1025) ("Plaintiff begins by asserting that the record is devoid of any physical RFC assessments from any physicians whatsoever. This statement is inaccurate.").

The ALJ states:

> [T]he record reflects that on June 13, 2012, Muhammad Khalid, M.D., from the State agency disability determinations component, reviewed the claimant's claim file and opined that the claimant retained the residual functional capacity to *lift and carry 20 pounds occasionally, ten pounds frequently*; stand and/or walk for two hours in an eight-hour workday; sit for six hours in an eight-hour workday; and push and/or pull within the limitations for lifting and carrying.

Dkt. No. 7-2, p. 35 (Pg. ID 66) (emphasis added). The ALJ gave only limited weight to Dr. Khalid's opinion. *Id.*

It is true that the ALJ did not explicitly state her own findings regarding plaintiff's ability to lift and carry. Indeed, Magistrate Judge Davis is correctly

troubled by the Commissioner's request that the court implicitly read limitations into the ALJ's findings simply because the ALJ briefly referenced a federal regulation in her decision. Nevertheless, Dr. Khalid's opinion on Mr. Harper's ability to lift and carry, albeit given limited weight, provides an acceptable medical opinion for the ALJ to base an RFC finding. Therefore, because there is an acceptable medical opinion, the Court cannot say that the ALJ impermissibly played doctor and made her own independent medical findings. Moreover, to the extent that the ALJ might have erred regarding her finding of Mr. Harper's ability to lift and carry objects, that error would have been harmless. If the Court accepted the Commissioner's argument that the ALJ implicitly found the Plaintiff was capable of lifting up to 10 pounds at a time, *see* Dkt. No. 15, p. 12 (Pg. ID 1081), such a departure from Dr. Khalid's opinion would benefit Mr. Harper by finding a more restrictive RFC. *See* Shinseki v. Sanders, 556 U.S. 396, 409, 129 S. Ct. 1696, 1706, 173 L. Ed. 2d 532 (2009) ([T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

Turning next the mental RFC, Magistrate Judge Davis concluded that the ALJ's mental RFC findings were not based on any medical opinion. Dkt. No. 14, p. 26 (Pg. ID 1064).With regard to Mr. Harper's mental capacity, the ALJ concluded that

> The claimant can also: understand, carry out, and remember simple instructions where the pace of productivity is not dictated by an external

source over which the claimant has not control, such as an assembly line or conveyor belt; make judgments on simple work and respond appropriately to usual work situations and changes in a routine work setting; and, respond appropriately to supervision, the general public, and coworkers.

Dkt. No. 7-2, p. 28 (Pg. ID 59).

Magistrate Judge Davis concluded that the ALJ erred when she attempted to make implicit findings, rather than interpret raw medical data that had already been interpreted by a physician. Dkt. No. 14, p. 29 (Pg. ID 1067). However, upon analysis of the record, the ALJ's conclusion was supported by at least one physician, Dr. Newhouse. Regarding Mr. Harper's ability to understand, carry out, and remember instructions, Dr. Newhouse noted that Mr. Harper was "not significantly limited". Dkt. No. 7-3, p. 11 (Pg. ID 133). Additionally, Dr. Newhouse noted that Mr. Harper had "moderate" difficulty in maintaining concentration, persistence or pace. *Id.*, p. 7 (Pg. ID 129). With respect to Mr. Harper's ability to accept instruction and get along with coworkers, Dr. Newhouse concluded that Mr. Harper was "not significantly limited". *Id.*, p. 12 (Pg. ID 134). It is true that in accepting the opinion of Dr. Newhouse, who only reviewed Mr. Harper's file, the ALJ discounted the opinion of Dr. Oliver-Brannon, who evaluated Mr. Harper in-person. Nevertheless, Dr. Newhouse's opinion provides substantial evidence for the ALJ's decision. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) ("If the Commissioner's decision is supported by substantial evidence, we must defer to that decision even if

there is substantial evidence in the record that would have supported an opposite conclusion.") (internal quotations and citations omitted). Therefore, the ALJ's mental RFC determination is supported by at least one physician, the ALJ did not come to an unreasonable conclusion.

### III. CONCLUSION

Accordingly, the Commissioner's objections [15] are SUSTAINED. The Court hereby REJECTS Magistrate Judge Stephanie Dawkins Davis's February 23, 2017 Report and Recommendation [14], GRANTS Defendant Commissioner's Motion for Summary Judgment [13], DENIES Plaintiff Kevin Harper's Motion for Summary Judgment [10], and REMANDS this matter to the Commissioner for further proceedings, if necessary.

**SO ORDERED.**

Dated: May 23, 2017

Detroit, MI

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 23, 2017, by electronic and/or ordinary mail.

/s/Tanya Bankston
Case Manager, (313) 234-5213

-14-